**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**GREENVILLE DIVISION**

| | | |
|---|---|---|
| TRAVIS P., | § | |
| Plaintiff, | § | |
| | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 6:25-7375-MGL |
| | § | |
| COMMISSIONER OF SOCIAL SECURITY, | § | |
| Defendant. | § | |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION**
**TO THE EXTENT PROVIDED HEREIN**
**AND AFFIRMING DEFENDANT'S FINAL DECISION DENYING BENEFITS**

## I. INTRODUCTION

This is a Social Security appeal in which Plaintiff Travis P. seeks to obtain judicial review of the final decision of Defendant Commissioner of Social Security denying his claims for disability insurance benefits (DIB) and supplemental security income benefits (SSI) under Titles II and XVI of the Social Security Act.

The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting to the Court the Commissioner's decision be affirmed. The Magistrate Judge filed the Report in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

## II. FACTUAL AND PROCEDURAL HISTORY

Travis P. filed applications for DIB and SSI on December 28, 2022, alleging he became unable to work on October 21, 2015. The Social Security Administration (SSA) denied the applications initially and upon reconsideration.

On August 30, 2024, Travis P. requested a hearing before the Administrative Law Judge (ALJ), which was held on March 27, 2025, via telephone from Greenville, South Carolina. Travis P. was represented by counsel, and David Vandergoot, an impartial vocational expert (VE), appeared and offered testimony. On April 14, 2025, the ALJ issued a decision concluding Travis P. had failed to establish he was under a disability as defined in the Social Security Act, as amended.

The ALJ's finding became the final decision of the Commissioner of Social Security when, on June 23, 2025, the Appeals Council denied Travis P.'s request for review. Travis P. then filed this action for judicial review.

The Magistrate Judge filed the Report on July 1, 2026, and Travis P. filed his objections to the Report on July 14, 2026. The Court has carefully reviewed the objections, but holds them to be without merit. It will therefore enter judgment accordingly.

## III. STANDARD OF REVIEW

### *A. For reviewing the Report*

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may

accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

***B. For reviewing the Commissioner's final decision***

The Social Security Administration has established a five-step sequential evaluation process for determining whether an individual is disabled. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

The five steps are: (1) whether the claimant is currently engaging in substantial gainful activity; (2) whether the claimant has a medically determinable severe impairment(s); (3) whether such impairment(s) meets or equals an impairment set forth in Appendix I of 20 C.F.R. part 404, subpart P; (4) whether the claimant has the residual functional capacity (RFC) to perform the requirements of his past relevant work; and, if so, (5) whether the claimant is able to perform any other work considering his RFC, age, education, and work experience. 20 C.F.R. §§ 404.1520(a)(4)(i)–(v), 416.920(a)(4)(i)–(v).

It is the plaintiff's duty both to produce evidence and to prove he is disabled under the Social Security Act. *See Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995). Nonetheless, the ALJ is to develop the record, and when he "fails in his duty to fully inquire into the issues necessary for adequate development of the record, and such failure is prejudicial to the claimant, the case should be remanded." *Marsh v. Harris*, 632 F.2d 296, 300 (4th Cir. 1980).

It is also the task of the ALJ, as opposed to this Court, to make findings of fact and resolve conflicts in the evidence. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). "It is not within the province of this [C]ourt to determine the weight of the evidence; nor is it [the Court's] function to substitute [its] judgment for that of [the defendant] if [the] decision is supported by substantial evidence." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966), (overruled by implication on

other grounds by *Black & Decker Disability Plan v. Nord*, 538 U.S. 822 (2003). In other words, the Court "must sustain the ALJ's decision, even if [the Court] disagree[s] with it, provided the determination is supported by substantial evidence." *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996).

Under the substantial evidence standard, the Court reviews the entire record as a whole. *Hanes v. Celebrezze*, 337 F.2d 209, 214 (4th Cir. 1964). Although the ALJ must sufficiently explain the reasons for his ruling to allow this Court to provide meaningful review, *Radford v. Colvin*, 734 F.3d 288, 296 (4th Cir. 2013), "the ALJ is not required to address every piece of evidence. . . . [Instead,] [s/he] must build an accurate and logical bridge from the evidence to [her/his] conclusion." *Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000) (first citing *Green v. Apfel*, 207 F.3d 780, 780 (7th Cir. 2000); and then citing *Groves v. Apfel*, 148 F.3d 809, 811 (7th Cir. 1998)).

The Court's "general practice, which [it] see[s] no reason to depart from here, is to take a lower tribunal at its word when it declares . . . it has considered a matter." *Hackett v. Barnhart*, 395 F.3d 1168, 1173 (10th Cir. 2005).

"[T]he substantial evidence standard 'presupposes . . . a zone of choice within which the decisionmakers can go either way, without interference by the courts. An administrative decision is not subject to reversal merely because substantial evidence would have supported an opposite decision.'" *Clarke v. Bowen*, 843 F.2d 271, 272–73 (8th Cir. 1988) (quoting *Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984)). Put differently, if the ALJ's "dispositive factual findings are supported by substantial evidence, they must be affirmed, even in cases where contrary findings of an ALJ might also be so supported." *Kellough v. Heckler*, 785 F.2d 1147, 1149 (4th Cir. 1986).

## IV. DISCUSSION AND ANALYSIS

### *A. Whether the Court should overrule or sustain Travis P.'s Objections*

As the Magistrate Judge stated in the Report,

> [Travis P.] submitted new evidence subsequent to the issuance of the ALJ's decision that was exhibited but not addressed by the Appeals Council regarding the jobs identified by the VE and utilized at Step 5 of the ALJ's decision. The new evidence is primarily an "Occu Collect Calculator" containing information about the jobs identified by the VE and adopted as part of the ALJ's decision. On June 23, 2025, the Appeals Council acknowledged receipt of the new evidence but "found . . . the reasons [did] not provide a basis for changing the" ALJ's decision. [A.R. at 1]. The Appeals Council noted . . . [the following]:
>
>> We receive additional evidence . . . you show is new, material, and relates to the period on or before the date of the hearing decision. You must also show there is a reasonable probability . . . the additional evidence would change the outcome of the decision. You must show good cause for why you missed informing us about or submitting it earlier.

Report at 5-6 (quoting A.R. at 1).

By accepting and exhibiting the Occu Collect Calculator evidence, which came from a private website that publishes data from the United States Bureau of Labor Statistics, the Appeals Council treated the evidence as qualifying additional evidence under the applicable regulations, which, as noted above, permit consideration of additional evidence only when it is new, material, relates to the period on or before the ALJ's decision, presents a reasonable probability of changing the outcome, and, the claimant establishes good cause for its late submission.

In lieu of rejecting or declining to consider Travis P.'s Occu Collect Calculator evidence on any of these grounds, the Appeals Council instead specifically incorporating it into the

Administrative Record. Accordingly, as explained below, this evidence must be considered by this Court in reviewing the Commissioner's final decision.

The Court notes it agrees with the Appeals Council's assessment and treatment of the Occu Collect Calculator evidence.

When deciding whether the Commissioner's final decision is supported by substantial evidence and the correct legal standard was applied, the Court "'review[s] the record as a whole' including any new evidence . . . the Appeals Council 'specifically incorporated . . . into the administrative record.'" *Meyer v. Astrue*, 662 F.3d 700, 704 (4th Cir. 2011) (quoting *Wilkins v. Sec'y, Dep't of Health and Human Services*, 953 F.2d 93, 96 (4th Cir. 1991).

Put another way, the task before the Court is to review the record as a whole, including the Occu Collect Calculator evidence, to determine if the ALJ's decision to deny benefits to Travis P. is supported by substantial evidence and the correct legal standard was applied. *See Meyer*, 662 F.3d 700 at 707 (quoting Smith, 99 F.3d at 638–39 ("[W]e have affirmed an ALJ's denial of benefits after reviewing new evidence presented to the Appeals Council because we concluded . . . substantial evidence support[ed] the ALJ's findings.'" ); *see also Fluharty v. Colvin*, No. 2:14-cv-25655, 2015 WL 5476145, at *14 (S.D.W.Va. Sept. 17, 2015) ("When the Appeals Council incorporates new and material evidence into the administrative record, and nevertheless denies review of the ALJ's findings and conclusions, the inquiry before the reviewing court is whether the Commissioner's decision is supported by substantial evidence in light of 'the record as a whole' including any new evidence . . . the Appeals Council 'specifically incorporated . . . into the administrative record.'" (quoting *Meyer*, 662 F.3d at 704)).

With this legal framework in mind, the Court will now consider Travis P.'s eight objections to the Report. First, Travis P. objects to the Magistrate Judge's "suggesti[on] [Travis P.'s] evidence is 'cumulative' under *Wilkins*." Objections at 3 (emphasis omitted) (capitalization standardized).

"Evidence is new . . . if it is not duplicative or cumulative." *Wilkins*, 953 F.2d at 96. As the Court noted above, the Appeals Council already decided the evidence is new. The Court agrees. Thus, the Court will overrule Travis P.'s first objection.

Second, Travis P. objects to the Magistrate Judge "deciding the 'good cause' question in the first instance, without any appeals council finding to review." Objections at 5 (emphasis omitted) (capitalization standardized). This objection has two sub-parts. First, Travis P. says "[t]here is nothing to review because the Appeals Council never ruled on good cause." *Id.* (emphasis omitted). In other words, according to Travis P., the Magistrate Judge was mistaken in "deciding good cause where the Appeals Council did not[.]" *Id.* at 6. And second, Travis P. states the Magistrate Judge's "good cause analysis is substantively wrong." Objections at 6 (emphasis omitted).

As the Court noted above, however, by specifically incorporating the the new evidence, the Occu Collect Calculator, into the administrative record, and considering it as part of Travis P.'s request for review, it appears the Appeals Council implicitly conceded Travis P. has "show[n] good cause for why [he] missed informing [the Commissioner] about or submitting [the evidence earlier." A.R. at 1. The Court agrees with the Appeals Council's assessment. Thus, the Court will overrule Travis P.' second objection, as well.

In Travis's third objection, he argues the Magistrate Judge "erred in finding [Travis P.'s] evidence immaterial by categorically rejecting Occu Collect [Calculator] evidence as a 'non-reliable source.'" Objections at 8 (emphasis omitted) (capitalization standardized). "Evidence is material

if there is a reasonable [probability] . . . the new evidence would have changed the outcome." *Wilkins,*953 F.2d at 96.

Again, the Occu Collect Calculator evidence is an exhibit to the Appeals Council's decision, as opposed to being something Travis P. submitted, but the Appeals Council rejected. And, it specifically incorporated the evidence into the Administrative Record. Thus, it appears the Appeals Council concluded the new evidence was in fact material. The Court thinks that is correct. Therefore, the Court will overrule Travis P.'s third objection, too.

Fourth, Travis P. states the Magistrate Judge "erred in distinguishing *Meyer* and *Wilkins*." Objections at 11 (emphasis omitted) (capitalization standardized). This objection has three subparts.

First, Travis P. contends "[t]he 2016 amendments to 20 C.F.R. §§ 404.970 and 416.1470 added new procedural requirements for submitting evidence to the Appeals Council. They did not overrule *Meyer*[.]" *Id.* at 12. Second, Travis P. argues *"Meyer* did not carve out a doctrine limited to medical opinions." *Id*. at 13. Third, Travis P. insists "*Wilkins* announced a 'mandatory rule . . . the Appeals Council must consider new and material evidence,'" *Id*. at 14 (quoting *Wilkins,*953 F.2d at 95).

The Court agrees with all these statements, but is unable to agree the Magistrate Judge concluded otherwise. Consequently, the Court will also overrule Travis P.'s fourth objection.

Fifth, Travis P. maintains the Magistrate Judge "erred in failing to address the Appeals Council's independent duty to reconcile once it added the evidence to the record." Objections at 14 (emphasis omitted) (capitalization standardized).

But, *Meyer*, which Travis P. relies on heavily throughout his objections, states such a requirement is absent from the Social Security regulations:

> Confronted with . . . new and material evidence, the Appeals Council then "evaluate[s] the entire record including the new and material evidence." *Id.* § 404.970(b). . . . [I]f upon consideration of all of the evidence, including any new and material evidence, the Appeals Council finds the ALJ's action, findings, or conclusions not contrary to the weight of the evidence, the Appeals Council can simply deny the request for review. Contrary to [the plaintiff's] contention, nothing in the Social Security Act or regulations promulgated pursuant to it requires . . . the Appeals Council explain its rationale for denying review
>
> * * * * *
>
> [T]he Appeals Council may issue a decision only after it grants the request for review.

*Meyer* v., 662 F.3d at 705 (citation omitted) (internal quotation marks omitted) (alteration marks omitted). As such, the Court will overrule Travis P.'s fifth objection, as well.

Sixth, Travis P. argues the Magistrate Judge erred in elevating non-binding, out-of-circuit district court decisions above binding fourth circuit precedent. Objections at 15 (emphasis omitted) (capitalization standardized).

A recitation of the cases cited and a discussion of this argument is unwarranted here. Suffice it to say the Court disagrees with this characterization of the Report. Hence, the Court will overrule Travis P.'s sixth objection, too.

Seventh, Travis P. contends the Magistrate Judge "erred in failing to acknowledge and address . . . the Step-Five burden rests on the Commissioner." Objections at 17 (emphasis omitted) (capitalization standardized). Step Five presents the question "whether the claimant is able to perform any other work considering his RFC, age, education, and work experience." 20 C.F.R. §§ 404.1520(a)(4)(i)–(v), 416.920(a)(4)(i)–(v).

At "step five, the burden shifts to the Secretary to produce evidence . . . other jobs exist in the national economy . . . the claimant can perform considering his age, education, and work experience." *Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1992).

This objection is wholly without merit. The Magistrate Judge specifically stated in the Report "[o]nce an individual has established a *prima facie* case of disability, the burden shifts to the Commissioner to establish . . . the plaintiff can perform alternative work and . . . such work exists in the national economy. The Commissioner may carry this burden by obtaining testimony from a vocational expert." Report 4 (citations omitted). For these reasons, the Court will overrule Travis P.'s seventh objection, too.

In Travis P's eighth objection, he maintains the Magistrate Judge "erred by failing to address the specific quantitative conflict [Travis P.] identified." Objections at 18 (emphasis omitted) (capitalization standardized). To do so, the Court concludes, is unnecessary. Thus, the Court will also overrule Travis P.'s eighth objection.

***B. Whether, with the new evidence, the ALJ's decision is supported by substantial evidence and the correct legal standard was applied***

When the Appeals Council incorporates new and material evidence into the administrative record, and nevertheless denies review of the ALJ's findings and conclusions, as it did here, the inquiry before the Court is whether the Commissioner's decision is supported by substantial evidence in light of "'the record as a whole' including any new evidence . . . the Appeals Council 'specifically incorporated . . . into the administrative record.'" *Meyer*, 662 F.3d at 704.

In reviewing the new evidence presented by Travis P., the Occu Collect Calculator, the Court is left with the same misgivings the Magistrate Judge has: Travis P. "has provided no authority for his contention . . . the Occu Collect [Calculator] report regarding job numbers should override the

VE's expert testimony[,] based on more than [forty-five] years of experience in the field." Report at 10.

In addition, as the Magistrate Judge noted in the Report, "courts in other circuits have routinely rejected the use of Occu Collect [Calculator] reports to challenge VE testimony because it is not considered a reliable source under the regulations." *Id.* S*ee e.g.*, *Romkema v. Bisignano*, No. 24-5688, 2025 WL 3269217, at *1–2 (9th Cir. Nov. 24, 2025) (holding printout of an Occu Collect Calculator report is not probative evidence to challenge a VE's findings because a VE has experience in using the software products identifying jobs and interpreting the output when testifying about jobs in the national economy); *Harold L. v. O'Malley*, No. 23-cv-8599-JPR, 2024 WL 5507780, at *12 (C.D. Cali. Sept. 25, 2024) (collecting cases and noting the Occu Collect Calculator is not considered an authoritative source by SSA); *Brown v. Comm'r of Soc. Sec. Admin.*, No. 3:22-cv-01258-JRK, 2023 WL 4079124, at *5–6 (N.D. Ohio Apr. 6, 2023) (recognizing Occu Collect Calculator is an unreliable source enumerated in the regulations and was not a proper challenge to VE testimony), *R&R adopted by* 2023 WL 5765875 (N.D. Ohio Sept. 7, 2023). The Court agrees with the reasoning and the conclusions of those Courts.

Having now "review[ed] the record as a whole, including the new evidence, . . . to determine whether substantial evidence supports the [ALJ's] findings[.]" *Wilkins*, 953 F.2d at 96, the Court holds Travis P.'s' additional evidence neither calls into question the ALJ's conclusions nor warrants a remand for further evaluation.

In other words, yes, even when the new evidence is considered, substantial evidence still supports the ALJ's conclusion Travis P. failed to establish he is disabled under the Act. Further, the

correct legal standard was applied. Thus, the Court will affirm the Commissioner's decision to deny DIB and SSI benefits to Travis P.

## IV. CONCLUSION

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Travis P.'s eight objections, adopts the Report to the extent it is consistent with this Order, and incorporates those portions herein. It is therefore the judgment of the Court the Commissioner's decision to deny DIB and SSI benefits to Travis P. is **AFFIRMED**.

**IT IS SO ORDERED**.

Signed this 27th day of August, 2026, in Columbia, South Carolina.

/s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE